UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| BRIAN SCOTT HILL, | ) |
| Petitioner, | ) Case No. 1:05-cv-388 |
| v. | ) |
| | ) Honorable Richard Alan Enslen |
| MARY BERGHUIS, | ) |
| Respondent. | ) |

## **ORDER**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner is represented by counsel in this action. On June 24, 2005, the Court issued an Opinion and Judgment dismissing Petitioner's case for failure to exhaust his state court remedies. This matter is before the Court upon Petitioner's "Motion to Toll Statute of Limitations for Filing of Writ of Habeus [sic] Corpus."

In its Opinion dismissing Petitioner's habeas action, the Court indicated that a stay of the proceedings was not necessary as Petitioner had adequate time remaining in the limitations period to return to state court and file a motion for relief from judgment. In *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. The *Palmer* court stated that thirty days was a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another

thirty days was a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Id.*; *see also Rhines v. Weber*, 125 S. Ct. 1528, 1534-35 (2005) (approving use of stay-and-abeyance procedure, but adding requirements that unexhausted claims not be plainly meritless and that petitioner had good cause for failure to exhaust). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). As noted in the Court's Opinion, the statute of limitations was set to expire in this case on September 8, 2005. At the time his habeas action was dismissed on June 24, Petitioner had more than sixty days remaining in the limitations period. Petitioner, therefore, was not in danger of running afoul of the statute of limitations so long as he diligently pursued his state court remedies.

According to his motion and supporting exhibits, Petitioner filed a motion for relief from judgment in the Eaton County Circuit Court on July 12, 2005. The state court denied his motion on August 29, 2005. Petitioner intends to appeal the decision, but asks this Court for an order tolling the statute of limitations for a period of 180 days because he could not fully exhaust his state court remedies before the statute of limitations expired on September 8, 2005. Petitioner clearly misunderstands the operation of the statutory tolling provision. Under 28 U.S.C. § 2244(d)(2), the statute of limitations automatically was tolled upon the filing of his motion for relief from judgment. At that time, Petitioner had fifty-eight days remaining in the limitations period. The statute of limitations will remain tolled during the pendency of the proceedings on Petitioner's motion for relief from judgment in the state courts. A motion for post-conviction relief is considered "pending" during the time between a lower state court's decision and the filing of a notice of appeal to a higher state court on collateral review. *See Carey v. Saffold*, 536 U.S. 214, 219-20 (2002). It also is considered pending during the ninety-day period in which a petitioner could

have filed a petition for writ of certiorari in the United States Supreme Court, whether or not such a petition actually was filed.  See *Abela v. Martin*, 348 F.3d 164 (6th Cir. 2003) (*en banc*).  Thereafter, Petitioner has fifty-eight days remaining in the limitations period in which to file a new habeas corpus action setting forth all of his exhausted claims.  Because Petitioner has ample time remaining in the limitations period to file a new habeas petition after he completes exhaustion of his state court remedies, his motion will be denied.  Therefore:

　　　　　　　IT IS ORDERED that Petitioner's "Motion to Toll Statute of Limitations for Filing of Writ of Habeus [sic] Corpus" (Dkt. No. 4) is **DENIED**.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>October 20, 2005 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |